STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2006 JAN -9 A 11: 46

DES JARDIN
OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-05-595

STATE OF MAINE

v.

**DECISION ON MOTION**

SCOTT HEWITT,

Defendant

This matter comes before the court on the motion of defendant, Scott Hewitt, to suppress any statements he may have made to law enforcement officials following the motor vehicle accident which occurred on July 29, 2005. Hewitt claims that he was not properly advised of his constitutional rights prior to questioning and that his statements were not voluntary. However, the court finds that the State has met its burden of proof with regard to the motion and the motion will be denied on both theories.

## Background

Solely for purposes of this Motion to Suppress, the court finds the following. On July 29, 2005, defendant Hewitt was involved in a serious motor vehicle accident on the Maine Turnpike in Hallowell, and Hewitt injured his kneecap. According to Hewitt's statement to the trooper at the hospital, he had been given two tablets of Percocet by the staff to help relieve his knee pain. At hearing, Hewitt testified that he had been given a "bunch" of medications and he did not know what they were. The court found this later testimony to be self-serving and unpersuasive. The defendant's earlier statement to the trooper concerning the two tablets of Percocet was more persuasive. The medication administered was also confirmed by the information given to Trooper Burke by the trauma nurse at the hospital.

While the State Police troopers were busy at the scene of the accident, they were joined by an assistant district attorney (ADA), who was aware of the seriousness of the accident and who wanted to make certain that any search was properly conducted. In the process of the scene investigation, the officers found a marijuana pipe in the cab of the defendant's truck. The presence of this paraphernalia changed the scope of the investigation and the ADA called for a Drug Recognition Expert (DRE) to look at the defendant at the hospital. The ADA then joined the troopers already at the hospital.

One of the troopers questioned the defendant at the hospital, with the ADA present. Before that interview, the trooper advised the defendant of his right to remain silent and his right to counsel, as required by the *Miranda* decision. The trooper read this information from a preprinted card, and the defendant indicated that he understood each line in the card (State's Exh. 1). The defendant waived his right to remain silent and indicated that he would answer questions. During the interview, the defendant sat in a wheelchair due to his broken kneecap. He exhibited no signs of impairment and his answers to the questions seemed appropriate.

When the DRE arrived at the hospital, he initially conducted a blood test to rule out the presence of alcohol in the defendant's blood. The test came back 0.0% blood alcohol content. The intoxilyzer test was performed at the Kennebec County Sheriff's Office. The DRE then proceeded to administer tests including horizontal gaze nystagmus and finger to nose tests. Prior to the testing, the defendant had been given a second set of *Miranda* warnings. The conclusion of the examination was that the defendant was not under the influence of intoxicants. There was some sign of the Percocet which had been taken for pain control, but the medication had no effect upon the defendant's mental abilities or his ability to answer questions.

After questioning at the Kennebec County Sheriff's Office, the defendant returned to the hospital for further observation and was eventually arrested on an outstanding warrant for other charges. The defendant was taken to the Cumberland County Jail, where he was subsequently interviewed by another State Police Trooper on September 14, 2005. The defendant was again given his *Miranda* warnings. The defendant waived his rights and again answered questions concerning the incident.

## Discussion

In light of the foregoing, the defendant argues that he was seriously injured in a significant accident, and that as the result of these injuries and the medication he received to help control pain, his statements to law enforcement officers at the hospital were not voluntary. He further argues that the involuntariness of the hospital statements taints the subsequent questioning at the county jail, in that the defendant answered the officer's questions because he felt obliged to do so in light of his earlier statements and he believed the officers were there to help him. In light of this argument, it is the State's burden to prove beyond a reasonable doubt that the statements were voluntarily made. The State has met that burden.

First, the court was generally unpersuaded by the defendant's testimony and, therefore, gives little credence to his version of the events. Second, the law enforcement officials at the scene of the accident, at the hospital and at the jail were scrupulous in educating the defendant concerning his rights to remain silent and to be represented by counsel. They observed nothing in the defendant's behavior or statements which would lead them to believe that the statements were not voluntarily given. The defendant was suffering from a broken kneecap, but when interviewed, the defendant was either seated in a wheelchair or supported by crutches, and he had been medicated for pain. Neither any residual pain nor other effects of the medication had effect on the

defendant's mental abilities or his ability to voluntarily answer questions. Considering all of these circumstances, the State has met its burden beyond a reasonable doubt, both as to statements made at the hospital and later at the jail.

The entry will be:

Motion DENIED.

Dated: January____5____, 2006

S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE
  vs
SCOTT HEWITT
DELWOOD TRAILER PARK LOT 49
CARIBOU ME 04736

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2005-00595

**DOCKET RECORD**

DOB: 10/20/1972
Attorney: JOEL VINCENT
          VINCENT, KANTZ & RUFFNER
          80 EXCHANGE ST., SUITE 32
          PORTLAND ME 04101
          APPOINTED 09/26/2005

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 09/21/2005

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   OPERATING WHILE LICENSE SUSPENDED OR          07/29/2005 HALLOWELL
    REVOKED
Seq 9888  29-A  2412-A(1-A)(A)          Class E
    REYNOLDS            / MSP

2   UNLAWFUL USE OF LICENSE                       07/29/2005 HALLOWELL
Seq 9874  29-A  2102(1-A)               Class E
    REYNOLDS            / MSP

3   FAILING TO OBTAIN OPERATING AUTHORITY         07/29/2005 HALLOWELL
    LICENSE
Seq 1261  29-A  552(1)                  Class E                   .
    REYNOLDS            / MSP

4   RULE VIOLATION Z NOT LISTED PRIOR             07/29/2005 HALLOWELL
Seq 10040 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

5   RULE VIOLATION, OPERATION WITH FALSE DUTY  07/29/2005 HALLOWELL
Seq 10006 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

6   RULE VIOLATION, OPERATION WITH FALSE DUTY  07/29/2005 HALLOWELL
Seq 10006 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

7   RULE VIOLATION OPERATE WITHOUT MEDICAL        07/29/2005 HALLOWELL
    CERTIFICATE
Seq 10011 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

8   RADAR DETECTOR IN COMMERCIAL VEHICLE          07/29/2005 HALLOWELL
Seq 10053 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

9   DRIVER USES OR IN POSSESSION OF DRUGS         07/29/2005 HALLOWELL
Seq 10056 29-A  558(1-B)(A)             Class E
    REYNOLDS            / MSP

## Docket Events:

09/29/2005 Charge(s): 1,2,3,4,5,6,7,8,9
TRANSFER - TRANSFER FOR JURY TRIAL EDI ON 09/29/2005 @ 20:00

TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200502367
FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 09/21/2005

Charge(s): 1,2,3,4,5,6,7,8,9
HEARING - ARRAIGNMENT SCHEDULED FOR 09/26/2005 @ 1:00  in Room No.  1

NOTICE TO PARTIES/COUNSEL
Charge(s): 1,2,3,4,5,6,7,8,9
HEARING - ARRAIGNMENT HELD ON 09/26/2005
RAE ANN  FRENCH , JUDGE
DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
BAIL BOND - $100,000.00 CASH BAIL BOND SET BY COURT ON 09/21/2005
VENDEAN V VAFIADES , JUDGE
Charge(s): 1,2,3,4,5,6,7,8,9
MOTION - MOTION TO IMPOUND FILED BY STATE ON 09/21/2005

Charge(s): 1,2,3,4,5,6,7,8,9
MOTION - MOTION TO IMPOUND GRANTED ON 09/21/2005
VENDEAN V VAFIADES , JUDGE
COPY TO PARTIES/COUNSEL                                                      AS TO THE
AFFIDAVIT...
WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 09/21/2005

CERTIFIED COPY TO SHERIFF DEPT.
Charge(s): 1,2,3,4,5,6,7,8,9
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 09/26/2005

TRIAL - BENCH SCHEDULED FOR 12/23/2005 @ 8:30  in Room No.  1

NOTICE TO PARTIES/COUNSEL
TRIAL - BENCH NOT HELD ON 09/29/2005

TRIAL - BENCH NOTICE SENT ON 09/26/2005

BAIL BOND - CASH BAIL BOND TRANSFERRED ON 09/29/2005

AUGSC
BAIL BOND - $100,000.00 CASH BAIL BOND COMMITMENT ISSUED ON 09/26/2005
RAE ANN  FRENCH , JUDGE
MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/26/2005

MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/26/2005
RAE ANN  FRENCH , JUDGE
COPY TO PARTIES/COUNSEL
Party(s): SCOTT HEWITT
ATTORNEY - APPOINTED ORDERED ON 09/26/2005

Attorney: JOEL VINCENT
Charge(s): 1,2,3,4,5,6,7,8,9
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 09/29/2005

Attorney: JOEL VINCENT
Charge(s): 1,2,3,4,5,6,7,8,9
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 09/29/2005

AUGSC
10/04/2005 Charge(s): 1,2,3,4,5,6,7,8,9
TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 10/04/2005

AUGDC-CR-05-2367
10/06/2005 TRIAL - DOCKET CALL SCHEDULED FOR 11/07/2005 @ 3:30

10/18/2005 HEARING - BAIL HEARING SCHEDULED FOR 10/21/2005 @ 2:30

NOTICE TO PARTIES/COUNSEL
10/18/2005 HEARING - BAIL HEARING NOTICE SENT ON 10/18/2005

10/20/2005 LETTER - FROM PARTY FILED ON 10/19/2005

DA: EVERT FOWLE
DISCOVERY LETTER
10/20/2005 MOTION - MOTION FOR BAIL RECONSID. FILED BY DEFENDANT ON 10/20/2005

10/24/2005 HEARING - BAIL HEARING HELD ON 10/21/2005
S KIRK STUDSTRUP , JUSTICE
Attorney: JOEL VINCENT
Reporter: JANETTE COOK
Defendant Present in Court
10/24/2005 MOTION - MOTION FOR BAIL RECONSID. DENIED ON 10/21/2005
S KIRK STUDSTRUP , JUSTICE
W/OUT PREJUDICE
11/01/2005 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/31/2005

11/14/2005 TRIAL - DOCKET CALL HELD ON 11/07/2005

11/14/2005 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/29/2005 @ 1:00

NOTICE TO PARTIES/COUNSEL
11/14/2005 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 11/14/2005

11/23/2005 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 11/23/2005

CERTIFIED COPY TO SHERIFF DEPT.
11/30/2005 HEARING - MOTION TO SUPPRESS HELD ON 11/29/2005
S KIRK STUDSTRUP , JUSTICE
Attorney: JOEL VINCENT
DA: ALAN KELLEY          Reporter: TAMMY DROUIN
Defendant Present in Court

          STATE WITNESSES: DAVID DRAYSON, BRAD GRANT, ROBERT BOURQUE
11/30/2005 CASE STATUS -   DECISION UNDER ADVISEMENT ON 11/29/2005
          S KIRK STUDSTRUP , JUSTICE
01/09/2006 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 01/09/2006
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
01/09/2006 OTHER FILING -  OTHER DOCUMENT FILED ON 01/09/2006

          DECISION ON MOTION TO SUPPRESS STATEMENTS

 A TRUE COPY
 ATTEST:   _____
                    Clerk